[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant claims that the court lacks subject matter jurisdiction because: 1) the quit date in the Notice to Quit was premature; and 2) a legally sufficient reason for eviction was not alleged.
The plaintiff commenced this summary process action by serving a Notice to Quit on the defendant on July 13, 2000, ordering the defendants to vacate the premises on or before July 31, 2000. The action alleges termination of a month-to-month lease due to lapse of time. The reasons stated in the Notice to Quit for eviction are "Lapse of Time. Termination of Lease."
When a summary process action is based on lapse of time, the tenant cannot be ordered to leave prior to the expiration of the term since the CT Page 12208 tenant is entitled to remain for the entire term. This court is aware that there exists Superior Court decisions which indicate that a quit date on the last day of the term is improper. However, this court finds more persuasive the decisions which hold contrary and indicate that the tenant has until the very last moment of the last day to leave. Fox v.Nathans, 32 Conn. 348 (1865); Connecticut Light and power Co. v. DuraConstruction, SPN 27541 (2-2-98) (J.D. at New Britain-Housing Session) (Beach, J.).
The defendant also claims that there is not a legally sufficient reason for eviction under the summary process statute because the Notice to Quit claimed "Lapse of Time. Termination of Lease." The reasons enumerated in subsection (a) of Section 47a-23 are the only reasons that may be specified in a valid Notice to Quit pursuant to subsection (b). "Termination of Lease" is not a valid reason pursuant to Section 47a-23(a). If that was all that the plaintiff claimed, then the Notice to Quit would be defective. However, "Lapse of Time" was also alleged and is clearly a valid ground pursuant to Section 47a-23(a). The additional wording of "Termination of Lease" did not render the Notice to Quit legally insufficient. Thomas E. Golden Realty v. Society for Savings,31 Conn. App. 575 (1993).
For the foregoing reasons, the Motion to Dismiss is hereby DENIED.
PATRICK J. CLIFFORD JUDGE OF THE SUPERIOR COURT